UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DARRYL O'BRIEN,<br><br>  Plaintiff,<br><br>v.<br><br>CLIENT SERVICES, INC.,<br><br>  Defendant. | CIVIL ACTION<br><br>COMPLAINT 5:19-cv-01245<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Darryl O'Brien ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Client Services, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendant conducts business in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

1

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Western District of Texas.

5. Defendant is a third-party debt collection agency headquartered at 3451 Harry S. Truman Boulevard, Saint Charles, Missouri 63301. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

**FACTS SUPPORTING CAUSE OF ACTION**

6. Prior to the conduct giving rise to this action, Plaintiff opened an account with USAA Savings Bank ("subject debt").

7. Subsequently, Plaintiff could not keep up with payments on the account and defaulted on the subject debt.

8. Thereafter, Defendant acquired the right to collect on the subject debt while it was in default.

9. Around September 2019, Defendant began placing calls to Plaintiff's home phone number, (830) XXX-3401.

10. Plaintiff answered a call from Defendant to ascertain why they were contacting him. During this conversation, Defendant informed Plaintiff it was attempting to collect on the subject debt. Plaintiff informed Defendant that its calls were unwanted and demanded Defendant stop calling him.

11. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears, and Defendant continued to bombard Plaintiff with collection calls taking place multiple times in one day and on back-to-back days.

12. Defendant has called Plaintiff from multiple phone numbers, including (636) 949-8396, (636) 498-9096, and (830) 215-4001, but upon information and belief, it has contacted Plaintiff using other phone numbers.

## DAMAGES

13. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

14. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

15. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

16. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff restates and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

19. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

20. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

21. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

22. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

23. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

24. Defendant violated 15 U.S.C. §§1692d, d(5), and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692d**

25. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's home phone seeking payment on the subject debt. Moreover, Defendant continued its harassment campaign even after Plaintiff demanded that the calls cease.

26. Defendant violated §1692d(5) by causing Plaintiff's home phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's home phone from September 2019 through the present day.

    b. **Violations of FDCPA § 1692f**

27. Defendant violated §1692f by engaging in unfair means in an attempt to collect on the subject debt. Defendant's repeated communications to Plaintiff after Plaintiff asked that it stop were nothing more than an attempt to intimidate Plaintiff into making a payment on the subject debt.

28. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

29. Upon information and belief, Defendant has no system in place to document, archive, and cease collection of debts not owed.

**WHEREFORE**, Plaintiff DARRYL O'BRIEN respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

32. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

33. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

    a. **Violations of TDCA § 391.302**

34. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

5

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

35. Defendant violated the TDCA when it called Plaintiff repeatedly despite his request that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

**WHEREFORE**, Plaintiff DARRYL O'BRIEN requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: October 21, 2019                             Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com