UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DARRYL O'BRIEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 5:19-cv-01245 |
| | § | |
| CLIENT SERVICES, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## DEFENDANT CLIENT SERVICES, INC.'S ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Client Services, Inc. ("Defendant") and files this Answer to Plaintiff's Complaint, and will show onto this Court as follows:

## NATURE OF THE ACTION

1. Defendant admits that Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 et seq. ("TDCA"). Defendant denies any FDCPA or TDCA violations occurred.

## JURISDICTION AND VENUE

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 2; therefore, it denies the same.

3. Defendant admits that at times it conducts business in the Western District of Texas. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of Paragraph 3; therefore, it denies the same.

## PARTIES

4. Defendant admits that Plaintiff is a natural person. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of Paragraph 4; therefore, it denies the same.

5. Defendant admits that headquarter location information in Paragraph 5 is generally correct. Defendant admits that at times it acts as a third-party debt collector and that at times it attempts to collect consumer debts in the State of Texas. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of Paragraph 5; therefore, it denies the same.

## FACTS SUPPORTING CAUSE OF ACTION

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 6; therefore, it denies the same.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 7; therefore, it denies the same.

8. Defendant admits it was assigned the obligation to collect as suggested.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 9; therefore, it denies the same.

10. Defendant denies Paragraph 10.

11. Defendant denies Paragraph 11.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 12; therefore, it denies the same.

## DAMAGES

13. Defendant denies Paragraph 13.

14. Defendant denies Paragraph 14.

15. Defendant denies Paragraph 15.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 16; therefore, it denies the same.

## COUNT I

17. Defendant reincorporates the preceding paragraphs as if fully set out herein.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 18; therefore, it denies the same.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 19; therefore, it denies the same.

20. Defendant admits that at times it acts as a debt collector as defined by the FDCPA. Defendant lacks sufficient knowledge or information to form a belief as to whether it acted as an FDCPA-defined debt collector in this case.

21. Defendant admits that at times it acts as a debt collector as defined by the FDCPA. Defendant lacks sufficient knowledge or information to form a belief as to whether it acted as an FDCPA-defined debt collector in this case.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 22; therefore, it denies the same.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 23; therefore, it denies the same.

24. Defendant denies Paragraph 24.

25. Defendant denies Paragraph 25.

26. Defendant denies Paragraph 26.

27. Defendant denies Paragraph 27.

28. Defendant denies Paragraph 28.

29. Defendant denies Paragraph 29.

Defendant denies Plaintiff's prayer for relief and its subparts and denies Plaintiff is entitled to any relief or damages.

## COUNT II

30. Defendant reincorporates the preceding paragraphs as if fully set out herein.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 31; therefore, it denies the same.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 32; therefore, it denies the same.

33. Defendant admits that at times it acts as a debt collector as defined by the TDCA. Defendant lacks sufficient knowledge or information to form a belief as to whether it acted as an TDCA-defined debt collector in this case.

34. Defendant denies Paragraph 34 as an incomplete and/or inaccurate statement of law.

35. Defendant denies Paragraph 35.

Defendant denies Plaintiff's prayer for relief and its subparts and denies Plaintiff is entitled to any relief or damages.

## JURY DEMAND

36. Defendant admits Plaintiff seeks a trial by jury in this case.

## AFFIRMATIVE DEFENSES

37. If any violation occurred, it was the result of a bona fide error.

38. Plaintiff's damages, if any were pre-existing damages not caused by Defendant.

39. Plaintiff has failed to mitigate damages if any.

40. Plaintiff proximately caused his own damages, if any.

41. Plaintiff's damages, if any, were caused by a third party over which Defendant had no control.

Dated: December 20, 2019.  Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/Robbie Malone*
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE FROST MARTIN PLLC**
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded via **ECF** on this 20th day of December, 2019.

Alexander J. Taylor
Marwan R. Daher
Omar T. Sulaiman
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com

*/s/Robbie Malone*
ROBBIE MALONE